# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Peter H. Davis, | ) | Civil Action No. 2:22-3707-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Georgetown County Department of Parks | ) | |
| and Recreation, Beth Goodale, David | ) | |
| Bromberg, and Christopher Wallace, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

This matter is before the Court on Defendants Georgetown County Department of Parks and Recreation, Beth Goodale, David Bromberg, and Christopher Wallace's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a response in opposition (Dkt. No. 6), and Defendants filed a reply. (Dkt. No. 7). For the reasons stated below, the motion to dismiss is granted.

## I.    Background

On October 26, 2022, Plaintiff filed a complaint alleging that Defendants violated his rights to procedural due process guaranteed by the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983. (Dkt. No. 1-1 at ¶¶ 34-46). Plaintiff's first cause of action is against Georgetown County Department of Parks and Recreation ("Georgetown County Parks and Recreation"), and his second cause of action is against Defendants Beth Goodale ("Goodale"), David Bromberg ("Bromberg"), and Christopher Wallace ("Wallace"), who are all employees of Georgetown County. (*Id.* at ¶¶ 3, 34-46).

1

Plaintiff alleges that he is a member of the United States Tennis Association ("USTA"), which grants him privileges to "play in USTA affiliated tennis tournaments and seasonal, year-round, league play across the state and elsewhere." (*Id.* at ¶¶ 8-9). Plaintiff alleges that he was "verbally assaulted" during a tennis match at a Georgetown County tennis facility on or about March 8, 2022. (*Id.* at ¶¶ 17-28). Defendants, however, received complaints that Plaintiff demonstrated "a pattern of bullying, court intimidation, aggressiveness, physically and even potentially violent behavior." (Dkt. No. 1-1 at 14). Plaintiff alleges that after the tennis match, "Defendants made the decision to ban [Plaintiff] from the facility" and "engineered the gathering of documentation that would support the decision already made to ban [Plaintiff] from the facility." (*Id.* at ¶ 30).

On March 15, 2022, Defendant Bromberg emailed Plaintiff a letter notifying Plaintiff that Plaintiff "will not be allowed to participate" in the "several upcoming home matches" because Plaintiff was banned from "Georgetown County Parks and Recreation facilities" for one year. (*Id.* at 16.) Defendant Bromberg concluded the email by advising Plaintiff of Plaintiff's right to question or appeal this ban: "Should you have any questions or would like to appeal this judgement, please contact Mrs. Church at the Georgetown County Office via email." (*Id.*).

Plaintiff alleges that Defendants "violated [Plaintiff]'s constitutionally protected property and liberty interests in accessing public spaces by banning him from all Georgetown County Parks and Recreation facilities without due process of law." (*Id.* at ¶ 37). The matter is ripe for the Court's review.

## II.    Legal Standard

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th

Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

III.   **Discussion**

   A. Procedural Due Process under 42 U.S.C. § 1983

   To succeed in a procedural due process claim, a plaintiff must show "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." *Kendall v. Balcerzak*, 650 F.3d 515, 528 (4th Cir. 2011) (quoting *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir.2009)). For purposes of this motion to dismiss, the Court assumes,

without deciding, that Plaintiff had a liberty and/or property interest in his right to access to the tennis facilities operated by Defendant Georgetown County Parks and Recreation.   The critical issue is whether, even assuming Plaintiff possessed a liberty and/or property interest in access to the public tennis facilities at issue, whether Defendants' offer of a postdeprivation hearing was sufficient to meet their obligations to procedural due process under the Fourteenth Amendment. This issue is critical because a procedural due process violation actionable under 42 U.S.C. § 1983 "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972).  The Supreme Court "usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty of property." *Zinermon,* 494 U.S. at 127.   Nevertheless, the Supreme "Court has recognized, on many occasions, that where a State must act quickly, or where it would be impractical to provide predeprivation process, postdeprivation process satisfies the requirements of the Due Process Clause." *Gilbert v. Homar*, 520 U.S. 924, 930 (1997).   The Court has reasoned thus because "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Matthews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  Accordingly, in some cases, predeprivation process will be required; in others, postdeprivation process will suffice.

When determining whether a predeprivation or postdeprivation process is required, the Supreme Court weighs several factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Matthews*, 424 U.S. at 335.

Measured by these standards, it is clear that Plaintiff has suffered no deprivation of due process rights protected by the Fourteenth Amendment. First, Plaintiff contends that he has a significant private interest in his uninterrupted participation "in activities in which his tennis club participates at events held at Georgetown County facilities." (Dkt. No. 6 at 1). While the Supreme Court has recognized the "severity of depriving someone of the means of his livelihood," the Plaintiff's deprivation is solely recreational. *See Gilbert*, 520 U.S. at 932. Further, the public tennis facilities in question were limited to those operated by Defendant Georgetown County Parks and Recreation in a county where Plaintiff is not a resident.[1] The Court finds Plaintiff's interest in access to the tennis facilities of Defendant Georgetown County Parks and Recreation to be minimal.

Second, the Supreme Court has "emphasized that in determining what process is due, account must be taken of 'the length' and 'finality of the deprivation.'" *Gilbert*, 520 U.S. at 932 (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434 (1982). Here, the Plaintiff was temporarily banned from the County parks for one year. Furthermore, he was expressly notified that if he had "any questions or would like to appeal this judgement," he could contact Georgetown County. (Dkt. No. 1-1 at 16). In other words, this matter concerns at most a temporary, appealable interruption in Plaintiff's access to the tennis facilities of Defendant

---

[1] According to the Complaint, Plaintiff resides in Lexington County, which is several hours drive from Georgetown County. (Dkt. No. 1-1 at ¶ 1).

Georgetown County Parks and Recreation.  Therefore, the risk of an erroneous deprivation of Plaintiff's interest is minimal.

Third, on the other side of the balance, the State had a significant interest in acting quickly to ensure the public safety, especially on public property.  In acting to bar Plaintiff immediately from access to the County's tennis facilities, Defendants were relying on information that Plaintiff had engaged in "a pattern of bullying, court intimidation, aggressiveness, physically and even potentially violent behavior" at a tennis tournament in which members of the public were in attendance.  (Dkt. No. 1-1 at 14).  In light of these allegations, which were corroborated by multiple witnesses, Defendants **"act[ed] quickly."**  *Gilbert*, 520 U.S. at 930.  Based on the information they possessed at the time, Defendants had a significant interest in responding promptly to protect members of the public in attendance from any incidence of violence, which could result in physical injuries to those present and expose the Defendants to potential liability.

The Court finds that under these circumstances, even assuming Plaintiff had a liberty and/or property interest in access to the tennis facilities of Defendant Georgetown County Parks and Recreation, Defendants' offer of a postdeprivation hearing was sufficient to meet any constitutional obligations to Plaintiff under the Due Process Clause of the Fourteenth Amendment.  Accordingly, this Court finds that the Plaintiff's due process claims fails because the postdeprivation process afforded to the Plaintiff was constitutionally adequate.

B.  Qualified Immunity

"Qualified immunity shields a government official from money damages unless (1) the official violated a statutory or constitutional right, and (2) that right was 'clearly established' at the time of the challenged conduct."  *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Defendants Goodale, Bromberg, and Wallace

are government officials employed by Georgetown County.  (Dkt. No. 1-1 at ¶ 3).  Defendants

are entitled to qualified immunity because, as this Court reasoned above, Plaintiff's procedural

due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983 were not violated.

Even if Plaintiff successfully alleged a procedural due process violation, no settled case law

supports a view that a predeprivation hearing was required in this situation.  *See Morrissey*, 408

U.S. at 481 ("[D]ue process is flexible and calls for such procedural protections as the particular

situation demands."); *FDIC v. Mallen*, 486 U.S. 230, 240 (1988) ("An important government

interest, accompanied by a substantial assurance that the deprivation is not baseless or

unwarranted, may in limited cases[,] demanding prompt action[,] justify postponing the

opportunity to be heard until after the initial deprivation.").  The Court finds that Defendants

Goodale, Bromberg, and Wallace are entitled to qualified immunity.

## IV.    Conclusion

For the reasons set forth above, Defendants motion to dismiss is **GRANTED**.

Accordingly, all of Plaintiff's claims are **DISMISSED** with prejudice.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

March 15, 2023
Charleston, South Carolina

7